ANDREA T. MARTINEZ, Acting United States Attorney (9313)
AMANDA A. BERNDT, Assistant United States Attorney (15370)
JEFFREY E. NELSON, Assistant United States Attorney (2386)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
amanda.berndt@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| LUDOVIC MICHAUD, CHRISTINE NAMAGEMBE, and JOHN BOSCO KATEREGGA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **ANSWER TO FIRST AMENDED COMPLAINT** <br><br><br> Case No. 2:21-cv-00722-BSJ <br><br> Judge Bruce S. Jenkins |
|---|---|

**FIRST DEFENSE**

The United States admits, denies, or otherwise avers as follows:

1. The United States admits that in this action, Plaintiffs are asserting claims against the United States related to the death of Esther Nakajjigo on June 13, 2020. The United States denies liability.

2. The United States admits that Plaintiff Ludovic Michaud is asserting a claim for negligent infliction of emotional distress related to the death of Ms. Nakajjigo on June 13, 2020. The United States denies liability.

3. The United States admits that Plaintiff Ludovic Michaud is asserting a claim for loss of consortium related to the death of Ms. Nakajjigo on June 13, 2020. The United States denies liability.

4. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Admit.

9. The United States admits that it is responsible for the acts or omissions of employees acting within the scope of their employment with the National Park Service under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. Defendant denies all remaining allegations in this paragraph.

10. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. The United States admits only that this Court has jurisdiction over Plaintiffs' claims to the extent authorized under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

12. The United States admits only that venue in the District of Utah is proper.

13. The United States admits that each plaintiff filed an administrative claim with the National Park Service, and that the National Park Service did not issue any decisions on those administrative claims within six months of receiving those claims. The United States further admits that the action was timely filed in the District of Colorado. The United States denies all remaining allegations in this paragraph.

14. The United States admits that the applicable substantive law is from Utah, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, and that the accident from which this case arises occurred in Utah.

15. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. The United States admits that Arches National Park reopened to vehicular traffic on or about May 29, 2020. The United States denies all other allegations in this paragraph.

20. The United States admits that the gate at issue in this lawsuit is constructed of metal and appears to be depicted in the photo captioned as "Photo of incident gate from 2013." The United States denies all other allegations in this paragraph.

21.     The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Deny.

25.     The United States admits that the gate at issue was not secured with a lock at the time it had last been opened by a Park Service employee. The United States lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

26.     The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. The United States admits at approximately 1:48 p.m., plaintiff Michaud and Ms. Nakajjigo drove a vehicle on the road near the visitor center and that a gate arm, to which a stop sign was attached, swung into their car's path of travel. The United States denies that the roadway on which Plaintiff Michaud and Ms. Nakajjigo were travelling was the only roadway

out of the park. The United States lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

42. The United States admits that the gate arm pierced the passenger side of the car, killing Ms. Nakajjigo instantly. The United States lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

43. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. The United States lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. Deny.

46. The United States admits that the 2006 amendment to the 1973 Memorandum of Understanding between the NPS and FHA includes the quoted language without emphasis. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations. The regulations and documents cited in this paragraph speak for themselves, and the United States denies the allegations in this paragraph to the extent the allegations are inconsistent with those regulations and documents.

47. The 2009 MUTCD with revisions speaks for itself, and the United States denies the allegations in this paragraph to the extent the allegations are inconsistent with that document.

48. The 2009 MUTCD with revisions speaks for itself, and the United States denies the allegations in this paragraph to the extent the allegations are inconsistent with that document.

49. The 2009 MUTCD with revisions speaks for itself, and the United States denies the allegations in this paragraph to the extent the allegations are inconsistent with that document.

50. The 2009 MUTCD with revisions speaks for itself, and the United States denies the allegations in this paragraph to the extent the allegations are inconsistent with that document.

51. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52. The 2009 MUTCD with revisions speaks for itself, and the United States denies the allegations in this paragraph to the extent the allegations are inconsistent with that document.

53. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54. The 2009 MUTCD with revisions speaks for itself, and the United States denies the allegations in this paragraph to the extent the allegations are inconsistent with that document.

55. The United States admits that signs were affixed to the subject gate arms on the day of the accident. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. The United States admits that the National Park Service owes a duty of reasonable care to park visitors. The United lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

62. The NPS Management Policies 2006 speaks for itself and the United States denies the allegations in this paragraph to the extent the allegations are inconsistent with that document.

63. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65. The ASTM F 900-11 speaks for itself and the United States denies the allegations in this paragraph to the extent the allegations are inconsistent with that document.

66. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. Deny.

80. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. Deny.

84. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85. The United States lacks information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

## SECOND DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

The United States may be held liable only for the percentage of fault, if any, attributed to the United States. UTAH CODE ANN. § 78B-5-820.

### FOURTH DEFENSE

Plaintiffs' claims are barred to the extent the claims were not properly exhausted.

### FIFTH DEFENSE

Plaintiffs' damages, if any, are limited to the sums alleged in the administrative claim. 28 U.S.C. § 2675(b).

### SIXTH DEFENSE

The Court lacks subject matter jurisdiction to the extent that Plaintiff's claims are based upon the exercise or performance or the failure to exercise or perform a discretionary function. 28 U.S.C. § 2680(a).

### SEVENTH DEFENSE

The United States is not liable for punitive damages or for prejudgment interest. 28 U.S.C. § 2674.

### EIGHTH DEFENSE

Plaintiffs' claims are barred to the extent they failed to mitigate their damages, if any.

### NINTH DEFENSE

Attorney's fees must be paid by Plaintiffs out of, not in addition to, any judgment or settlement. Attorney's fees may not exceed 25 percent of the amount of any judgment or settlement under 28 U.S.C. § 2678.

## GENERAL DENIAL

The United States denies each and every allegation in the complaint except as expressly and specifically admitted.

## PRAYER FOR RELIEF

The United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted this 23rd day of December, 2021.

ANDREA T. MARTINEZ
Acting United States Attorney

*/s/ Amanda A. Berndt*
AMANDA A. BERNDT
Assistant United States Attorney