ANDREA T. MARTINEZ, United States Attorney (9313)
AMANDA A. BERNDT, Assistant United States Attorney (15370)
JEFFREY E. NELSON, Assistant United States Attorney (2386)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
amanda.berndt@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LUDOVIC MICHAUD, CHRISTINE NAMAGEMBE, and JOHN BOSCO KATEREGGA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **JOINT STIPULATION REGARDING LIABILITY**<br><br>Case No. 2:21-cv-00722-BSJ<br><br>Judge Bruce S. Jenkins |

Plaintiffs Ludovic Michaud, Christine Namagembe, and John Bosco Kateregga ("Plaintiffs") and Defendant United States of America, through their respective counsel of record, stipulate to the following:

1. On June 13, 2020, plaintiff Ludovic Michaud and his wife, decedent Esther Nakajjigo, visited Arches National Park. After touring the Park, Mr. Michaud drove the couple's rented vehicle toward the Park's exit, with Ms. Nakajjigo in the front passenger seat. As they neared the visitor center, a strong gust of wind caused a metal gate arm to swing into the roadway and collide with the vehicle.

2. The end of the gate arm entered the passenger side of the vehicle and struck Ms. Nakajjigo in the head, resulting in her immediate death, and narrowly missed Mr. Michaud. Mr. Michaud immediately exited the vehicle but then reentered the vehicle to put the vehicle in park and stop its forward movement.

3. The subject gate is used by employees of Arches National Park to restrict vehicles from entering the park. The gate consists of two hinged gate arms. When closed, the gate arms span the width of the main roadway leading in and out of the Park. When open, each gate arm is designed to be secured to a receiving post. Park employees were responsible for opening and closing the gate and for securing each gate arm to its respective receiving post. At some point prior to June 13, 2020, however, Park employees opened the gate and secured the inbound gate arm to its receiving post but did not so secure the outbound gate arm.

4. Employees of Arches National Park had a duty to exercise reasonable care to protect Mr. Michaud and Ms. Nakajjigo from conditions at the Park that posed an unreasonable risk of harm to them. Park employees also had a duty to reasonably inspect, operate, and maintain the subject gate and specifically to ensure that the gate arms were secured to their receiving posts.

5. The unsecured outbound gate arm constituted a dangerous condition that was created by employees of Arches National Park.

6. The United States thus breached the duties owed to Mr. Michaud and Ms. Nakajjigo on June 13, 2020, by failing to secure the outbound gate arm to its receiving post.

7. This breach was the proximate cause of Ms. Nakajjigo's death on June 13, 2020.

8. This breach was the proximate cause of Mr. Michaud's emotional distress arising from the events of June 13, 2020.

9. Neither Mr. Michaud nor Ms. Nakajjigo was comparatively negligent in any respect.

10. Based on the above, the United States stipulates that it is solely liable, under Utah law, for the Plaintiffs' claims of negligence (Count II in Plaintiffs' First Amended Complaint) and for Mr. Michaud's claim of negligent infliction of emotional distress (Count III in Plaintiffs' First Amended Complaint).

11. Based on the above, Plaintiffs stipulate to the dismissal of the remaining claims in the First Amended Complaint, specifically Count I (Negligence Per Se) and Count IV (Loss of Consortium).

Respectfully submitted this 3rd day of May, 2022.

ANDREA T. MARTINEZ
United States Attorney

*/s/ Amanda A. Berndt*
AMANDA A. BERNDT
Assistant United States Attorney

*Counsel for Defendant*


*/s/ Randi McGinn (signed with permission)*
RANDI MCGINN
ZOE LITTLEPAGE
DEBORAH CHANG

*Counsel for Plaintiffs*