ZOE LITTLEPAGE (TX Bar No. 12430050)
Littlepage Booth
Attorney for Plaintiffs
1912 West Main Street
Houston, Texas 77098
Phone: (713) 529-8000
zoe@littlepagebooth.com

RANDI MCGINN (NM Bar No. 1753)
McGinn, Montoya, Love & Curry
Attorney for Plaintiffs
201 Broadway Blvd. SE
Albuquerque, NM 87102
Phone: (505) 843-6161
Randi@McGinnLaw.com

COLIN P. KING (1815)
Dewsup King Olsen Worel Havas Mortensen
Attorney for Plaintiffs
36 South State Street, Suite 2400
Salt Lake City, Utah 84111
(801) 533-0400
cking@dkolaw.com

DEBORAH S. CHANG (CA Bar No. 246013)
Athea Trial Lawyers, LLP
Attorney for Plaintiffs
44 Hermosa Avenue
Hermosa Beach, CA 90254
Phone: (310) 421-0011
deborah@changklein.com

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LUDOVIC MICHAUD, CHRISTINE NAMAGEMBE, and JOHN BOSCO KATEREGGA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **PLAINTIFFS' MOTION TO AMEND THE PLEADINGS TO CONFORM TO THE EVIDENCE**<br><br>Case No. 2:21-cv-00722-BSJ<br><br>Judge Bruce S. Jenkins |

Plaintiffs Ludovic Michaud, Christine Namagembe, and John Bosco Kateregga, through their attorneys and pursuant to Fed. R. Civ. P. 15, respond to the government's argument during the motion *in limine* hearing and move the Court to enter an order allowing Plaintiffs to amend their Complaint to conform to the evidence in this case. Plaintiffs state that the government is correct in its statement that there is no specific mention of claims for pain and suffering damages in Plaintiffs' Federal Tort Claims Notice or First Amended Complaint, but the government is incorrect on the law, which allows such claims if it conforms to the evidence. The Court should grant this motion because:

1. Plaintiffs gave the United States sufficient notice of the claims related to the pain and suffering of decedent Essie Nakajjigo, and, under Tenth Circuit caselaw, the Court has jurisdiction to hear and adjudicate these claims;

2. Under Rule 15(b), Plaintiffs may move to conform the pleadings to the evidence, and the Court should liberally grant this relief;

3. Pursuant to Rule 15(c), these claims are timely and relate back to the filing of the Complaint in this matter; and

4. The motion is timely and, since Defendant stipulated to liability in this case, knew of the existence of these pain and suffering claims before trial, and had an opportunity to investigate to defend against them, there is no prejudice to Defendant, and the court should allow the amendment.

## I.   BACKGROUND

The facts giving rise to Plaintiffs' claims in this case occurred on June 13, 2020, when the unsecured metal gate at the entrance to Arches National Park pierced the passenger side of the vehicle being driven by Plaintiff Ludovic Michaud and in which decedent Essie Nakajjigo was in the front passenger seat. The sharp metal spear-like end of the gate entered the passenger side of the car, tearing through Ms. Nakajjigo's right arm, almost severing it, impacted her chest area, then decapitated her. As the testimony of Dr. Ulmer and Dr. Shattuck and related exhibits will show, Ms. Nakajjigo experienced the excruciating pain of near amputation of her right arm and significant chest injuries before she was decapitated. The government was aware that such injuries may have resulted in pain and suffering and specifically asked the medical investigator about Ms. Nakajjigo's pain and suffering. The plaintiffs are entitled to damages for this pain and suffering before death.

On or about October 20, 2020, within the time prescribed by the Federal Tort Claims Act ("FTCA"), Plaintiffs submitted three, separate Form 95 Claims that each included a very detailed recitation of the facts giving rise to Plaintiffs legal claims and damages, including hundreds of pages of relevant exhibits. The facts presented in the Form 95 included detailed descriptions of what happened to Ms. Nakajjigo because of the metal gate piercing their car and her body.

On June 8, 2021, Plaintiffs timely filed their Complaint initiating this action and seeking damages resulting from Negligence Per Se, Negligence under the FCTA for the wrongful death of Ms. Nakajjigo on behalf of Plaintiffs Michaud, Namagembe, and Kateregga, and Negligent Infliction of Emotional Distress on behalf of Plaintiff Michaud. [Doc 1]. On August 16, 2021, Plaintiffs filed their First Amended Complaint, adding a cause of action for Plaintiff Michaud's loss of consortium arising out of the death of Ms. Nakajjigo. [Doc. 14]. On December 23, 2021, following motion practice related to venue and transfer of the case to this Court, Defendant United States of America answered Plaintiffs' First Amended Complaint. [Doc. 41]. Defendant did not challenge the validity or sufficiency of Plaintiffs' Form 95 or the jurisdiction of the Court to adjudicate Plaintiffs' claims. On May 3, 2022, Defendant stipulated to liability in this case. [Doc. 56].

## II. ARGUMENT

a. *Plaintiffs' Written Notice to Defendant Pursuant to the Federal Tort Claims Act Was Sufficient to Put Defendant on Notice of Plaintiffs' Claims for the Pain and Suffering of Decedent Essie Nakajjigo*

Plaintiffs' timely, written notice to the United States pursuant to the FTCA provided sufficient facts and circumstances regarding their claims to provide notice to the United States that they intended to seek damages for the pain and suffering Ms. Nakajjigo experienced before her death. Under the FTCA, a party must provide the government sufficient information to investigate the conduct alleged, but it does not require a party to lay out the specific grounds of their claims. In *Benally v. United States*, 735 Fed. Appx. 480, the 10th Circuit explained the notice requirement this way:

> In other words, the notice must describe '*the facts and circumstances underlying a claim*'—'rather than the exact grounds'—'upon which [the] plaintiff seeks to hold the government liable.' Thus, it 'should give notice of the underlying facts and circumstances' that will form the fabric of the subsequent civil suit.

3

> Reinforcing the facts-and-circumstances focus of the presentation requirement, we recently endorsed a sibling circuit's explanation that an FTCA notice should be read to 'encompass[] *any cause of action fairly implicit in the facts*.' Lopez underscores the long-held understanding that courts should liberally construe the universe of facts that the FTCA claimant provides.

*Benally v. United States*, 735 Fed. Appx. 480, 485 (10th Cir. 2018) (internal citations omitted) (emphasis added).[1] Each of Plaintiffs' Form 95 Claims more than meets this standard. On the form itself, Plaintiffs indicate that their claims stem from the wrongful death of Ms. Nakajjigo:



Form 95, p. 1

In the Attachment submitted with each Form 95, Plaintiffs provided information regarding the location of the injuries, the mechanism of the injuries and the scope and nature of the injuries suffered by Plaintiffs, all which provided the government the facts and circumstances underlying their claim including:[2]

---

[1] Much of the 10th Circuit jurisprudence on this issue stems from the Court's 2005 published opinion in *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F. 3d 840, where the Court adopted the First Circuit's test that "'as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement.'" *Id*. at 852 (quoting *Dynamic Image Technologies, Inc. v. United States*, 221 F. 3d 34, 40 (1st Cir. 2000)).

[2] In addition to the Attachment, Plaintiffs submitted hundreds of pages of exhibits including graphic photographs showing the injuries Ms. Nakajjigo suffered attached thereto as Exhibits 1 and 2. These photos would also put the United States on notice regarding Plaintiffs' claims for the pain and suffering Ms. Nakajjigo suffered. Due to their very graphic nature, Plaintiffs will not attach these exhibits here but are able to submit these items to the Court *in camera*, if requested.

> The subject gate arm and support was neither retro-reflectorized nor marked with an object marker sign, thereby providing no warning to drivers. As a result, Ludo Michaud never saw the gate until after it sliced into his car and decapitated his wife.

Form 95 Attachment, p. 8

> **DAMAGES FROM IMPALEMENT**
>
> **Property Damage**
>
> The impaled Enterprise rental vehicle, its contents, including the blood-stained personal property of claimant Ludovic Michaud and the decedent Esther Nakajjigo, and the damaged stop sign are being stored at Manheim Utah, 1600 W. 500 South, Woods

Form 95 Attachment, p. 19

> **Wrongful Death/Personal Injury**
>
> The extraordinary young woman who was needlessly decapitated and killed, lived every day of her life with such passion, commitment, and selfless love that her unexpected death has devastated her husband, her parents in Uganda, and millions of women and children who continue to mourn her loss throughout the world. This

Form 95 Attachment, p. 20

Plaintiffs' Form 95, including the Attachment and Exhibits provided the government more than sufficient information of the facts and circumstances surrounding the claim to put the government on notice of their intent to seek damages for the pain and suffering of Ms. Nakajjigo.

    b. *Amendment of the Pleadings to Conform to the Evidence is Permissible, Appropriate and the Claims Relate Back to the Filing of the Complaint*

At the December 2nd hearing on Defendant's motion *in limine*, among other bases, the United States objected to the damage testimony regarding the pain and suffering of Ms. Nakajjigo experienced before her death on the grounds that it was not relevant. Defendant

argued it was not relevant because Plaintiffs did not include a specific claim for these injuries and damages in their Complaint.[3] When a party objects that issues to be presented at trial are not within the issues in the pleadings, as the United States has done, "the court may permit the pleadings to be amended. *The court should freely permit an amendment* when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed R. Civ P. Rule 15(b)(1) (emphasis added). In this case, Plaintiffs have given defendant extensive notice of the pain and suffering of Ms. Nakajjigo both in its administrative and Court filings as well as in discovery through the deposition testimony of Dr. Ulmer and Dr. Shattuck. Defendant had ample opportunity to investigate these claims before trial.[4] Allowing Plaintiffs to amend the pleadings to conform to the evidence will not prejudice the United States.

The amendments requested by Plaintiffs arise out of the same facts conduct set out in the original Complaint, and there are no jurisdictional bars to allowing these amendments. Pursuant to Fed. R. Civ. P Rule 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading when [] the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. Rule 15(c)(1)(B). Here, Plaintiffs seek to amend the pleadings related to the pain and suffering Ms. Nakajjigo suffered because of the crash. As explained above, these claims arise out of the same facts, acts, and omissions pled in Plaintiffs' original Complaint. Because the pain and suffering claims arise out of the same facts, acts, and omissions pled in the original

---

[3] Plaintiffs disagree with Defendant that this testimony is irrelevant, as discussed at the December 2nd hearing. The Complaint includes descriptions of the Ms. Nakajjigo's injuries and death. *See* First Amended Complaint, Doc. 14, ¶¶ 42-43, 80, and 82

[4] For deposition testimony on these issues, *see* Plaintiffs' Response in Opposition to United States' Motion in Limine, Doc. 76, Exhibits 4 and 5.

Complaint, amending the Complaint to conform to the evidence relates back to the filing of the original Complaint, and there are no jurisdictional bars to the amendments.

    c. *Amendment is Necessary for the Court to Award Plaintiffs the Full Range Damages to Which They Are Entitled Under Utah Law*

The evidence in this case demonstrates that Ms. Nakajjigo suffered injuries before her death, and, under Utah law, Plaintiffs are entitled to damages for the pain and suffering Ms. Nakajjigo suffered.  Two, different but related Utah statutes allow Plaintiffs to seek a range of economic and non-economic damages arising out of the death of Ms. Nakajjigo.  First, 78B-3-106, Death of a Person, allows Plaintiffs to "may maintain an action for damages against the person causing the death…" Utah Code Ann. § 78B-3-106(1).  Under this statute, "damages may be given as under all the circumstances of the case may be just." Utah Code Ann. § 78B-3-106(4).  The types of economic damages Plaintiffs may seek under this statute are for the loss of financial support, past and future that Plaintiffs would have received from Ms. Nakajjigo; the loss or reduction of inheritance from Ms. Nakajjigo due to her death; and any other benefit Plaintiffs would have received if Ms. Nakajjigo lived. *See* MUJI 2d CV 2013.  Plaintiffs may also seek non-economic damages for Plaintiffs' loss of such things as the love, companionship, society, comfort, pleasure, advice, care, protection and affection of Ms. Nakajjigo. *Id.*

Second, Utah Code Ann. § 78B-3-107, Survival of action for injury or death to individual, entitles Plaintiffs to "a cause of action against the wrongdoer … for special and general damages." Utah Code Ann. § 78B-3-107(1)(a).  Under this theory of liability (and since Defendant has stipulated to liability in this case), Plaintiffs "*must* [be] award[ed] economic and non-economic damages for *the period of time that [Ms. Nakajjigo] lived after the injuries*…" *See* MUJI 2d CV2015 (emphasis added).  Dr. Ulmer and Dr. Shattuck will provide testimony necessary for the Court to determine the timing and order of the injuries Ms. Nakajjigo suffered

7

in the crash. *See* Plaintiffs' Response in Opposition to United States' Motion in Limine, Doc. 76, Exhibits 4 and 5. This relevant evidence will assist the Court in assessing the pain and suffering Ms. Nakajjigo suffered before her death.

## CONCLUSION

WHEREFORE Plaintiffs respectfully request the Court grant this motion, conform the pleadings to the evidence, and allow Plaintiffs to present the relevant testimony and evidence of the pain and suffering Ms. Nakajjigo suffered before her death.

Dated: December 2, 2022                Respectfully submitted by:



*/s/Randi McGinn*
Randi McGinn
201 Broadway Blvd. NE
Albuquerque, NM  87102
Ph:  505-843-6161
randi@mcginnlaw.com

-and-

**LITTLEPAGE BOOTH**
Zoe Littlepage
1912 West Main Street
Houston, TX 77098
Ph.:  713-529-8000
zoe@littlepagebooth.com

-and-

**ATHEA TRIAL LAWYERS, LLP**
Deborah S. Chang
44 Hermosa Avenue
Hermosa Beach, CA 90254
Ph:  310-421-0011
deborah@changklein.com

                                        *Attorneys for Plaintiffs*
                                        *Ludovic Michaud,*
                                        *Christine Namagembe, and*
                                        *John Bosco Kataregga*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused the foregoing pleading to be served upon all counsel of record via electronic mail on December 2, 2022.

*/s/Randi McGinn*
Randi McGinn